JUDGE WOOD
DELIVERED THE OPINION OE THE COURT:
James and Keturah Williamson exhibited their petition in the circuit court praying partition of a certain tract of land, to two ninths of which they alleged that they had title, to five other ninths their infant brothers and sisters were entitled, and that the remaining two ninths were claimed by their father, Geo. T. Williamson, as heir-at-law to two of his children who had previously died (but subsequent to the death of Gen. Taylor) in infancy, intestate and without issue.
Geo. T. Williamson and wife, the father and mother of plaintiffs, answered their petition, admitting' the truth of all its allegations, and uniting- in the prayer for partition.
The infants answered by guardian ad litem, and denied the right of their father to the two ninths of the land, which he claimed as heir-at-law to his two deceased children.
The circuit court directed a partition, recognizing as valid the claim of Geo. T. Williamson to two ninths of the land.
The guardian ad litem of the infants brought the case by appeal to this court.
It was decided by this court that neither the plaintiffs, James and Keturah, nor their father, George T. Williamson, had any interest in the land, the partition of which was sought, and the judgment of the circuit court was reversed.
After the mandate of this court was entered in the court below, viz: on the 15th day of October, 1857, that court dismissed the petition of the plaintiffs; and the parties, so far as that action was concerned, were left precisely where they were before the action was commenced.
At the same time an allowance was made to Hon. S. M. Moore, the guardian ad litem of the infants, of $1,200 for his services in the court of appeals in their behalf, to be paid by the plaintiffs, and he was authorized to sue out execution against the plaintiffs to enforce payment of this allowance. At the same time judgment was rendered, in behalf of said infant defendants, against the plaintiffs, for their costs expended in the action. The action was thus terminated.
Subsequently, viz: on the 16th of October, a motion was made by the plaintiffs for an apportionment of the costs, and upon *305 this motion it was adjudged that Geo. T. Williamson should pay a portion of the costs, and he was ordered to pay to the plaintiffs $1,200 as his portion of the costs. From that order or judgment Geo. T. Williamson has appealed.
It seems to this court that the order or judgment against Geo. T. Williamson was unauthorized by law, and is erroneous.
It is insisted, in behalf of James and Keturah Williamson, that in suits in equity the matter of decreeing costs is altogether discretionary with the court.
We admit that in actions in equity the matter of decreeing or not decreeing costs, is within the discretion of the court, except so far as that discretion is limited or controlled by the 14th section of chapter 25, Revised Statutes, page 204. But when this is admitted, we must determine what are the costs of an action. When we say that the chancellor has a discretion in directing the payment of costs, we must know what is meant by the word costs. We understand the costs, thus admitted to be within the discretion of the chancellor, to be the ordinary legitimately taxable costs, the fees of the various officers of the court, including an attorney’s fee, as allowed by the statute, and which one party may recover against another, and not extraordinary expenses incurred by a party, such as large sums paid to attorneys. The word costs used in this connection has rather a technical signification. The cases cited by counsel, adjudged in New York and England, relate to costs taxed in a mode different from the one in which they are taxed in this state, and are not applicable to this case.
In this case there is nothing to show that the regular legitimate costs of the action amounted to more than a few dollars —nothing like $1,200. In fact, it is evident from the record, and from the argument of counsel, that this sum of $1,200 was adjudged against Geo. T. Williamson to cover the allowance to the guardian ad litem for services in the court of appeals. This sum, then, formed no part of the costs of the action.
It is attempted to sustain this judgment by the 64th section of the Civil Code. That section does not authorize this judgment. It authorizes the allowance to a guardian ad litem, appointed *306 upon the application of the plaintiff, of a reasonable fee for his services, to be paid by the plaintiff, and taxed in the costs. Taxed in the costs against whom? Of course an adverse unsuccessful party. But Geo. T. Williamson was not an adverse unsuccessful party. When the action was dismissed, and the question of costs disposed of, there was no judgment against him for costs in favor of the plaintiffs or any one else. In fact, there was a judgment in favor of the infants against the plaintiffs for costs. This section may warrant an order on the plaintiffs to pay the fee allowed the guardian, but not an order on the defendant, G. T. Williamson.
Nor is this case within section 555 of the Code. That section provides that, in the proceedings authorized by that chapter of the Code, “ the costs of the division and allotment shall be apportioned among the parties in the ratio of their interests, and the costs arising from any contest of law or fact shall be paid by the party adjudged to be in the wrong.” The action of Williamson vs. Williamson, for partition, was not a proceeding authorized by that chapter of the Code. (See chapter 16.) There were no division and allotment, and no costs of division and allotment. It was decided that the parties had no right to a division, because they had no interest in the thing sought to be divided.
Geo. T. Williamson could not properly be adjudged to be in the wrong, in any contest of law or fact in the case, within the meaning of this section of the Code. He was brought into court by the plaintiffs. He raised no question, but simply admitted the allegations of the petition of plaintiffs, and united with them in their prayer for partition.
With the out-of-door history of affairs between the parties this court cannot interfere. Nor can we deal with the secret motives upon which it is said Geo. T. Williamson acted. We must take the parties and their acts as we find them in this record, and deal with them accordingly.
In argument, sec. 14, chap. 25, Rev. Stat., (p. 204,) is relied upon as authorizing the judgment against Geo. T. Williamson. We do not think it does. That section only declares, or enacts, .that “ in chancery suits between parceners, tenants in common, *307 joint tenants, and for settling the distribution and division of deceased persons’ estates, suits to settle partnerships, and to settle or enforce trusts, courts shall have a judicial discretion in decreeing or not decreeing costs.” We apprehend that this enactment of the legislature gave to courts of chancery no more power or discretion than they possessed before. It was . not intended to give, nor does it give, to the courts such power as has been exercised in this case. And we may add, that the word costs in this section of the Revised Statutes, and in section 555 of the Code, is undoubtedly used in the sense in which we have defined it above.
There is an additional ground of objection to this judgment. At the time it was entered the case had been finally disposed of. The action had been dismissed, and the question of costs settled by a judgment in favor of the infants against the plaintiffs for their costs; and as between the other parties, no costs at all were adjudged. This was all very proper. After this there was no order setting aside the judgment of dismissal, n.or was the action by any mode reinstated in court. We cannot perceive how the circuit court could properly, at the time, entertain such a motion as the one which was entertained, and upon which this judgment was rendered.
The motion itself was without the sanction of law, as there was no case made for an equitable apportionment of costs.
For the foregoing reasons, the judgment of the circuit court, in favor-of James and Keturah Williamson against George T. Williamson, for $1,200, is reversed.